U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 15, 2009**                                   **United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| HEREFORD BIOFUELS, L.P., *et al.*,[1] | : | Case No. 09-30453 (HDH) |
| Debtors. | : | (Jointly Administered) |

### ORDER AUTHORIZING THE DEBTORS TO RETAIN
### AND EMPLOY IMPERIAL CAPITAL, LLC AS FINANCIAL ADVISOR
### AND INVESTMENT BANKER NUNC PRO TUNC TO THE PETITION DATE

This matter coming before the Court on the Application of the Debtors to Retain and Employ Imperial Capital, LLC as Financial Advisor and Investment Banker Nunc Pro Tunc to the Petition Date (the "Application"),[2] filed by the above captioned debtors (the "Debtors");

---

[1]  The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Hereford Biofuels, L.P. (7548); Hereford Biofuels Holdings, LLC (9762); PHE I, LLC (7511); and PHE II, LLC (9412). The address of each of the Debtors is 4100 Spring Valley, Suite 1002, Dallas, Texas 75244.

[2]  Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

DLI-6237747v2

the Court having reviewed the Application, the Carlson Declaration, the Engagement Letter and the objections (collectively, the "Objections") to the Application filed by (i) the Official Committee of Unsecured Creditors [Docket No. 224]; (ii) the United States Trustee [Docket No. 227]; and (iii) Société Générale [Docket No. 230], and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Application and the Hearing was sufficient under the circumstances, (v) Imperial Capital, LLC ("Imperial") is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code in that: (a) Imperial has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth in the Carlson Declaration; (b) Imperial is not a creditor, equity security holder or insider of the Debtors; (c) Imperial is not and was not, within two years prior to the Petition Date, a director, officer or employee of the Debtors; and (d) Imperial does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in, the Debtors or for any other reason, and (vi) the terms of compensation being sought by Imperial, as described in the Engagement Letter attached as Exhibit A to the Application (the "Engagement Letter"), are reasonable; and the Court having determined that the legal and factual bases set forth in the Application and the Carlson Declaration and at the Hearing establish just cause for the relief granted herein.

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED to the extent provided herein.

2. All Objections are OVERRULED.

3. In accordance with sections 327(a), 328 and 1107(b) of the Bankruptcy Code, the Debtors are authorized to employ and retain Imperial nunc pro tunc as of the Petition Date as their financial advisor and investment banker in accordance with the terms and conditions set forth in the Engagement Letter and this Order.

4. The Engagement Letter and the Fee and Expense Structure described therein are approved in all respects pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse and indemnify Imperial according to the terms and at the times specified in the Engagement Letter, including the Indemnification Provisions; provided, however, that Imperial shall be entitled to reimbursement of its actual and necessary costs and expenses only (but not any attorneys' fees).

5. Imperial shall be compensated for its services and reimbursed for any actual and necessary expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules of this Court, and any additional procedures that may be established by the Court in these chapter 11 cases, provided that fee application filed by Imperial shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and not subject to the standards of review set forth in section 330 of the Bankruptcy Code; provided, however, in the event a bid by Panda Energy International, Inc. or any of its affiliates in the aggregate amount of $10 million or less is the successful bid for the Debtors' assets, then the Court will review the Transaction Fee pursuant to the standards of review set forth in sections 327 and 330, and Imperial will be required to submit time entries of

the Imperial professionals that provided services to substantiate the reasonableness of the Transaction Fee.

6. Subject to paragraph 5 of this Order, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court and any additional procedures that may be established by the Court in these chapter 11 cases, Imperial and its professionals shall be excused from any requirement to maintain or file time records, as set for in the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, or the Unites States Trustee Guidelines or any other similar guidelines, in connection with the services to be rendered pursuant to the Engagement Letter.

7. All requests by Imperial for payment pursuant to the indemnity contained in the Engagement Letter will be made by means of an application to, and shall be subject to review by, this Court to ensure that payment of such indemnity (a) conforms to the terms of the Engagement Letter and (b) is reasonable based upon the circumstances. The Court shall have exclusive jurisdiction with respect to all matters arising from or related to the indemnity contained in the Engagement Letter. In no event shall Imperial be indemnified in the case of its own fraud, willful misconduct or gross negligence.

8. In no event shall Imperial be indemnified if the Debtors or a representative of their respective estates, asserts a claim for, and a court determines by final order that such claim arose out of, Imperial's own fraud, willful misconduct or gross negligence.

9. Imperial shall not be entitled to any further compensation following the approval and consummation of a sale of substantially all of Hereford Biofuels, L.P.'s assets without further order of the Court upon notice and a hearing.

10. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter or this Order, the terms of this Order shall govern.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

# # # END OF ORDER # # #

Prepared by:

Gregory M. Gordon (TX 08435300)
Dan B. Prieto (TX 24048744)
Robert J. Jud (TX 24041217)
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Attorneys for Debtors